UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

May 31, 2019

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Jill Bertone, et al. v. Bally's Las Vegas et al.*
Civil Action No. 18-8180 (MAS) (LHG)

Dear Counsel:

This matter comes before the Court upon Defendants Parball Newco, LLC d/b/a Bally's Las Vegas, Caesars Entertainment Operating Company, Inc., and Caesars Entertainment Corp.'s (collectively, "Defendants") Motion to Change Venue. (Mot. to Change Venue, ECF No. 3.) Plaintiffs Jill Bertone ("Ms. Bertone") and Louis Bertone (collectively, "Plaintiffs") opposed (ECF No. 4), and Defendants replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motion to Change Venue.

**I.** **Background**

Plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Monmouth County on February 27, 2018. (Notice of Removal, ECF No. 1.) Plaintiffs allege that on April 1, 2016, while they were in Bally's Las Vegas Hotel and Casino, Jill Bertone slipped and fell in the hotel hallway because the floor was wet. (*See generally* Compl., ECF No. 1-1.) Defendants removed the matter under 28 U.S.C § 1332 (Notice of Removal 3) then filed their Motion to Change Venue. The Court subsequently issued an Order to Show Cause ("OTSC") that required Defendants to set forth the basis of the Court's jurisdiction. (OTSC, ECF No. 6.) On October 3, 2018, the Court dismissed the OTSC and reinstated Defendants' Motion to Change Venue. (Text Order, ECF No. 12.)

**II.** **Legal Standard**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." Defendants bear the burden of establishing transfer is appropriate. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 736 n.5 (3d Cir. 1982); *Infanti v.*

*Mandalay Bay Resort & Casino*, No. 13-6934, 2014 WL 1430368, at *1 (D.N.J. Apr. 14, 2014). In considering a motion to transfer venue, courts are not limited by the enumerated factors in § 1404(a). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, each case should be analyzed individually based on its particular facts. *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)). Courts should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice would be better served by transfer to a different forum." *Infanti*, 2014 WL 1430368, at *5 (quoting *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003)). "While the decision to transfer under section 1404(a) is within the sound discretion of the district court, the decision should not be made lightly." *Goldstein v. MGM Grand Hotel & Casino*, No. 15-4173, 2015 WL 9918414, at *1 (D.N.J. Nov. 4, 2015) (citing *Gendrikrovs-Bayer v. Bellagio Hotel & Casino*, No. 14-6324, 2015 WL 2383380, at *2 (D.N.J. May 15, 2015)).

The Third Circuit has set forth the public and private factors that courts should consider when deciding a Motion to Change Venue. *Jumara*, 55 F.3d at 879. The private interest factors include: (1) the plaintiff's forum preferences; (2) the defendant's forum preferences; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. *Id.* at 879-80. The public factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

The threshold issue is, however, whether the proposed venue is proper. *See Infanti*, 2014 WL 1430368, at *3 (citing *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991)). The proposed venue is proper when the transferee district has "(i) subject matter jurisdiction over the claims; (ii) personal jurisdiction over the parties; and (iii) is a proper venue [under 28 U.S.C. § 1391(b)]." *Goldstein*, 2015 WL 9918414 at *2 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)).

### III. Discussion

The parties do not dispute that Plaintiffs could have brought this case in either Nevada state or federal court. (*See generally* Defs.' Moving Br., ECF No. 3-1; Pls.' Opp'n Br., ECF No. 4.) The incident occurred in Las Vegas and Defendants are subject to service of process in Nevada. As the threshold inquiry has been satisfied, the Court shall consider the private and public factors.

#### A. Private Interest Factors

With respect to the first private interest factor, Plaintiffs' choice of forum would normally be entitled to significant deference because Plaintiffs chose their home forum, New Jersey. *Shutte*, 431 F.2d at 25. Nevertheless, the Court finds it appropriate to reduce the amount of deference afforded to Plaintiffs' forum choice because New Jersey has a minimal connection to the operative facts of the lawsuit. *See Smith v. Wyndham Vacation Ownership, Inc.*, No. 16-5170, 2017 WL

548943, at *3 (D.N.J. Feb. 10, 2017) (citing *Garlick v. Quest Diagnostics, Inc.*, No. 06-6244, 2010 WL 1490923, at *2 (D.N.J. Apr. 13, 2010) ("A plaintiff's choice of forum, while ordinarily entitled to some deference, is entitled to less deference, perhaps to the vanishing point, when the plaintiff chooses a foreign forum with no apparent connection to the operative facts of the lawsuit.")). In this case, the alleged injury occurred on Defendants' property and Ms. Bertone received emergency medical care in Las Vegas. (Ghabour Decl. ¶ 4, ECF No. 4-1.) In addition, the operative facts only involve New Jersey to the extent that Ms. Bertone received ongoing medical treatment in New Jersey. (*Id.*)

The second and third factors—Defendants' preference and the location where the claims arose—weigh in favor of transfer. Here, Defendants prefer Las Vegas because that is where Defendants operate and where the incident occurred. (*See* Defs.' Moving Br. 7; Pls.' Opp'n Br. 7.)

As to the fourth factor, the convenience of the parties, Plaintiffs argue that: (1) Ms. Bertone has an ongoing injury; (2) it would be cost prohibitive for Plaintiffs to travel to Las Vegas to litigate the current action; (3) at most one or two of Defendants' representatives will have to be deposed; and (4) because Defendants have a "presence in New Jersey[, they] would not be inconvenienced by this action remaining in New Jersey." (Pls.' Opp'n Br. 7-8.) Defendants argue that their witnesses and potential witnesses are in Las Vegas and any potential liability experts would need to conduct witness interviews and/or site inspections. (Defs.' Reply Br. 6-8.) Defendants further argue that they do not have a presence in New Jersey. (*Id.* at 8 (noting that Caesar's Atlantic City and Bally's Atlantic City are not named in this action and are subsidiaries of CEOC, an improperly named defendant)). Defendants fail to address Ms. Bertone's medical issues or any imbalance in resources that would make it more burdensome on Plaintiffs to litigate in Las Vegas than for Defendants to litigate in New Jersey.

Forum analysis often requires an examination of the underlying action. *See Lacey*, 932 F.2d at 182 (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-29 (1988) ("[E]xamination of certain private and public interest factors requires the district court to determine what issues and proof will likely be advanced at trial.")) Plaintiffs' claims are rooted in premises liability. (*See generally* Compl.) A premises liability claim can require inquiry into the defendants' knowledge, actual or constructive, which may revolve around the defendants' maintenance policies. *See generally FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012); *see also Sprague v. Lucky Stores*, 849 P.2d 320, 322-23 (Nev. 1993). With respect to convenience of the parties, the Court does not find persuasive Plaintiffs' arguments that they would need to depose, at most, one or two of Defendants' representatives and that Defendants maintain a presence in New Jersey. The Court, however, finds that the burden on Plaintiffs to litigate in Las Vegas is greater than the burden on Defendants to litigate in New Jersey. This specific aspect of the fourth factor, accordingly, weighs in favor of Plaintiffs. The Court, nevertheless, finds that an overall consideration of the fourth factor—convenience of the parties—is neutral.

As to the fifth private interest factor—the convenience of witnesses—Plaintiffs argue that Ms. Bertone's treating physicians would be inconvenienced if required to fly to Las Vegas and it would be costly. (Ghabour Decl. ¶ 4.) Defendants argue that their operations and personnel are located near or at the property in Las Vegas and any witnesses would be in Las Vegas. (Defs.'

3

Moving Br. 7.) The Court finds that the fifth factor weighs slightly in favor of Defendants. While both parties have witnesses, the Court finds that it would be more inconvenient for Defendants' witnesses to travel to New Jersey than for Plaintiffs to travel to Las Vegas.

The Court finds that the sixth factor—the location of books and records—is neutral. Due to the prevalence of electronically stored information and technological advances, documents or records can be easily moved electronically to different venues. *Goldstein*, 2015 WL 9918414, at *4 (citing *Tradimpex Egypt Co. v. Biomune Co.*, 777 F. Supp. 2d 802, 810 (D. Del. 2011) (noting that "technology [may] make[] the physical location of documents relatively unimportant.")).

### B. Public Interest Factors

The Court finds that the first through fourth and sixth public interest factors weigh in favor of transfer.[1] First, a judgment against Defendants in Nevada will be enforceable in Nevada. Next, it appears that the bulk of the evidence and the witnesses are in Nevada, which could make a trial in Nevada easier and less costly than a trial in New Jersey. In addition, the District of New Jersey is more congested than the District of Nevada. *Goldstein*, 2015 WL 9918414, at *5 ("The District of New Jersey has a demonstrably heavier case load than the District of Nevada."). Nevada also has an interest in "having a local controversy decided at home." *Id.* Additionally, while the Court could apply Nevada law, the District Court of Nevada is "certainly more likely to have a better knowledge of Nevada tort law."[2] *Id.* (citing *Infanti*, 2014 WL 1430368, at *4).

### IV. Conclusion

The Court finds that the private and public interest factors weigh in favor of transferring this matter. Accordingly, for the reasons set forth above, this Court finds good cause to grant Defendants' motion and transfer this matter to United States District Court for the District of Nevada.

The Court will enter an Order consistent with this Letter Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] The parties did not adequately brief, and the Court declines to address, the fifth public interest factor—the public policies of the fora.

[2] The Court, however, makes no findings regarding a choice of law analysis.